Judge Logan
delivered the opinion of the court.
This is a suit for land, in which M’Cracken, the complainant below^ claims under an entry made on the 21st of February, 1783, in the name of Rachel M’Cracken, which calls to adjoin Ovid M’Cracken’s pre-emption on the north, and along the line of Andrew Steele’s pre-emption on the north side, and to run northwardly for quantity.
Ovid M’Cracken’s pre-emption had been previously en-tcred “at the main forks of Elkhorn, to include his improve“ment, and to run down the creek on both sides, and up “both forks on all sides for quantity.”
It is unnecessary to examine the calls of Steele’s preemption, inasmuch as there is no evidence in support M’Cracken’s improvement, without whi*h, as one of the locative calls of his entry, the claim cannot be sustained, for its position might materially vary the location and figure of the claim, accordingly as it should be situated higher or lower oil the creek, or on one or the other of the forks; and in the same degree render uncertain the dependant claim.
But it becomes necessary to determine whether the court below improperly refused to the complainant a continuance of the cause. At the preceding term the cause had been continued on the application of the complainant, upon an understanding that at the succeeding term it should ly be tried.
Hughes for appellant, Talbot, Bíbb and Hardin confra.
We deem it unnecessary to enquire how far this cbn'cfr* tion should, in all cases, justify the refusal to continue at a succeeding term. But in a case like the present, where the applicant for a continuance, failed to shew clearly the materiality of the evidence, and that the utmost diligence had been used by him to procure that evidence, after having received the indulgence of the court, and, perhaps, the assent of his adversary, to a continuance, not strictly warranted, he ought not to be favored with a reversal. Indeed this power should, in any ease, be very sparingly exercised by an appellate court. Much, in every case of the kind, should be left to the discretion of the court below. Without remarking upon the supineness of the appellant from the term at which this special continuance was granted him, he has totally failed to shew in what respect the evidence desired, could avail him. Merely to identify the improvement of Ovid M’Cracken, might give it neither notoriety or situation, which could be important to the claim. The improvement is not designated in the plat: — It is not represented by the complainant where it was situated. It may have been at a place, which to have included, would defeat the complainant’s claim in this contest. And shall this court, upon a case thus vaguely represented, reverse, and introduce a precedent of still more laxity upon-Che point of diligence, and very uncertain with regard to the fact, in its bearing upon the decision which ought, to be given ? The materiality of the evidence, under the circumstances of this case, is not sufficiently shewn to justify a reversal.
The decree must therefore he affirmed with cost.